CHARLES R. JONES, Judge.
 

 _JjThe plaintiff-Appellant Officer Marcelo Mejia seeks review of the judgment of the Civil Service Commission which found that he voluntarily resigned from the New Orleans Police Department. We affirm.
 

 In 2005, Officer Mejia was a Class IV Officer for the New Orleans Police Department (“NOPD”), serving in the Fifth District. On August 28, 2005, he was assigned to Charity Hospital, to guard an arrested individual who was being treated for gunshot wounds.
 

 Hurricane Katrina struck New Orleans on August 29, 2005, and Officer Mejia remained at Charity Hospital as ordered. He remained there and assisted in the evacuation of the hospital’s patients, including the prisoner he was originally assigned to guard. Officer Mejia’s request to accompany the prisoner was denied by Sergeant Mark Mornay, his commanding officer.
 

 Claiming to not have received any further orders from his superiors, Officer Mejia left the fully evacuated hospital to locate his family, whom he assumed were in Baton Rouge. He mistakenly boarded a bus that did not stop in Baton Rouge; rather, it was en route to Houston, Texas. Once he arrived in Houston, Officer Mejia took a rental car back to Baton Rouge; however, his family was not there. |aHe alleges that he then drove to New Orleans, but was unable to enter the city per the National Guardsmen. Officer Mejia eventually learned from his brother that his wife and children were in Tennessee. After reuniting with his family, Officer Mejia drove back to New Orleans and successfully entered the city on September 10, 2005.
 

 Officer Mejia then located a temporary operation center for the Fifth District, and was directed to Lieutenant Julie Wilson. Upon meeting her, Officer Mejia alleges that Lt. Wilson stated, “Yeah I heard about you. You didn’t come to work. You know you’re going to get fired.” Refusing to hear his response to her assertions, Officer Mejia alleges that Lt. Wilson sug
 
 *288
 
 gested that he resign. Officer Mejia took this as an order and therefore, he submitted a letter of resignation. The resignation letter was never processed. On October 24, 2005, the acting Superintendent of Police, Edwin P. Compass III, issued a letter terminating Officer Mejia on the grounds that he failed to report for duty on August 29, 2005, and on the grounds that as of the date of the letter, Officer Mejia had not contacted any supervisors in his chain of command, in regard to his absence from work.
 

 Officer Mejia filed an appeal with the Department of Civil Service. On October 27, 2009, Officer Mejia’s appeal was granted in part and denied in part. Subsequently, the termination was removed from his record, and a voluntary resignation was accepted, dated September 10, 2005. On appeal to this Court, Officer Mejia assigns as error the Civil Service Commission’s finding that he voluntarily resigned.
 

 For civil service cases involving a question of fact, appellate courts are to apply the “manifest error” standard of review.
 
 Russell v. Mosquito Control Bd.,
 
 06-0346 p. 7 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639-640. In applying this | Sstandard, “deference must be given to the factual findings made by the Commission, which should not be disturbed unless manifestly erroneous or clearly
 
 wrong.” Robertson v. Department of Police,
 
 07-0795, p. 4 (LaApp. 4 Cir. 10/3/07), 968 So.2d 779, 782. Moreover, these findings must be upheld unless this Court finds that such findings are “arbitrary, capricious, or characterized by abuse of discretion,” lacking “a rational basis for the action taken.”
 
 Bannister v. Department of Streets,
 
 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
 

 Officer Mejia contends that the Civil Service Commission erred in determining that he voluntarily resigned from the New Orleans Police Department. He argues that the facts stated in the termination letter were erroneous, and that he did report for duty on August 25, 2009, and he contacted the supervisors in the chain of his command. Also, Officer Mejia argues that he turned in the resignation letter because he had been trained to take a commanding officer’s (such as Lt. Wilson’s) suggestions as orders; and therefore, he was forced into retiring.
 

 In response, the NOPD argues that the findings of Civil Service Commission were correct. Specifically, the NOPD argues that Officer Mejia resigned from the police department at his own will, and that he was aware of the consequences of his voluntary resignation. The NOPD further notes that in
 
 Christie v. United States
 
 (1975), 207 Ct.Cl. 333, 518 F.2d 584, 588 the United States Court of Claims has previously upheld voluntary resignations which were submitted in response to a threatened termination.
 

 An employee’s resignation is presumed as voluntary, unless he or she is able to sufficiently demonstrate that the resignation was “involuntarily extracted.”
 
 Id.,
 
 207 Ct.Cl. 333, 518 F.2d 584, 587 (1975). In the absence of Louisiana jurisprudence, this Court in
 
 Russell,
 
 06-0346 p. 10, 941 |4So.2d at 641, applied the following factors provided by federal jurisprudence to determine whether a resignation was voluntary:
 

 (1) whether the employee was given some alternative to resignation; (2) whether the employee understood the nature of the choice he was given; (3) whether the employee was given a reasonable time in which to choose; and (4) whether he was permitted to select the effective date of resignation.
 

 We will address the arguments of Officer Mejia by applying the factors dictated
 
 *289
 
 in
 
 Russell.
 
 Officer Mejia first argues that he had no other alternative but to voluntarily resign from the NOPD. However, the Commission noted that Officer Mejia admitted that he could have returned to his post on September 10 2005, and received a suspension for job abandonment in lieu of a termination. Also, in failing to return on September 10th, Officer Mejia was subsequently given the choice between voluntarily resigning or being terminated by the NOPD. In
 
 Russell,
 
 this Court found that instead of voluntarily choosing to resign, an employee does have the option of contesting his or her termination.
 
 Id.,
 
 06-0346, p. 11, 941 So.2d at 641. Therefore, Officer Mejia’s argument that he had no choice but to voluntarily resign lacks merit, as he could have challenged the NOPD’s termination letter or returned to work September 10, 2005, to accept a temporary suspension.
 

 Furthermore, Lt. Wilson’s suggestion that Officer Mejia should resign was appropriate and did not necessitate Officer Mejia’s voluntary resignation. As cited by the NOPD, this Court has previously upheld an employee’s voluntary resignation made in response to an authority’s threat of termination, so long as the threat was made for good cause.
 
 Id.,
 
 06-0346, p. 10, 941 So.2d at 641. Good cause is demonstrated “as long as the plaintiff fails to show that the agency knew or |.r,believed that the proposed termination could not be substantiated.”
 
 Christie,
 
 518 F.2d at 588.
 

 The record indicates that the NOPD was unable to attest to Officer Mejia’s whereabouts from September 2, 2005, through September 10, 2005. Furthermore, Officer Mejia did not receive permission from a commanding officer to leave Charity Hospital and locate his family. Lt. Wilson was sent to the Fifth District to assist in tracking down missing police officers after Hurricane Katrina. Upon arrival, she was notified that Officer Mejia was missing, and that he had yet to report to the NOPD. Once Officer Mejia came to Lt. Wilson, the two had a conversation about his abandonment. The lieutenant’s suggestion that Officer Mejia should retire in that conversation was appropriate because she had reason to believe that Officer Mejia would be terminated upon his return. For these reasons, we find that Officer Mejia’s threat of termination by the NOPD was made for good cause, and that he voluntarily resigned to avoid being terminated.
 

 In regard to the second
 
 Russell
 
 factor, Officer Mejia argues that he was unaware of the nature of the options he was given, upon returning to the NOPD. He argued that Lt. Wilson informed him that he should retire, and that since he was trained to take a commanding officer’s suggestion as an order, he had no other option but to voluntarily resign. He also argued that he was unaware of any other alternatives because Lt. Wilson did not give him an opportunity to speak with the captain of the Fifth District.
 

 In
 
 Christie,
 
 the Court of Claims held that “merely because a plaintiff was faced with an inherently unpleasant situation in that [his] choice was arguably limited to two unpleasant alternatives does not obviate the voluntariness of her resignation.” 518 F.2d at 587-588.
 

 | (¡Officer Mejia was aware that he had the option to appeal the NOPD’s determination that he resigned, instead of having to retire. The Court of Claims in
 
 Christie
 
 noted that upon being terminated, the plaintiff-officer could have contested the termination, in lieu of voluntarily resigning.
 
 Id.
 
 Therefore, we find that like the civil service employee in
 
 Christie,
 
 Officer Mejia was fully aware of his options upon returning to his post; albeit it that the options to retire, be indefinitely suspend
 
 *290
 
 ed, or be terminated were all unpleasant in his sight.
 

 Also, on October 10, 2005, Officer Mejia completed a Re&nd of Accumulated Contributions form, in which he requested to receive his funds from the NOPD’s retirement system. On this form, the Civil Service Commission specifies that retirement funds should not be requested if an officer is currently appealing a termination. Therefore, in seeking to withdraw the retirement funds, Officer Mejia was aware of the fact that his termination had went into effect.
 

 With respect to the third
 
 Russell
 
 factor, Officer Mejia argues that Lt. Wilson forced him into resigning, and that he was not given any reasonable time to make a decision on whether to resign or accept a termination and challenge it. However, Officer Mejia presents no evidence that he was forced to resign immediately. Nothing in his recollection of the conversation with Lt. Wilson indicates that she demanded that he resign immediately. Moreover, nothing in the record indicates that Officer Mejia was required to submit a letter of resignation within a given time period. In the absence of evidence, this court in
 
 Russell
 
 also found that the employee was not required to make a decision immediately. 06-0346, p. 12, 941 So.2d at 641.
 

 We also note that considering the fact that Officer Mejia did not submit a letter of resignation immediately, and that he did not receive a termination letter 17until October 24, 2005, and that he did not appeal the Department’s termination until December 10, 2005, Officer Mejia did in fact have time to evaluate the options afforded to him upon returning to his post. For these reasons, we find that Officer Mejia’s contention that he did not have reasonable time to make a decision on the options given to him lacks merit.
 

 Pursuant to the fourth factor in
 
 Russell,
 
 Officer Mejia lastly argues that he was not allowed to select an effective date of resignation. However, in applying for and signing the appropriate paperwork needed to collect his retirement funds Officer Mejia accepted the Department’s proposed date of his retirement.
 

 This Court in
 
 Russell
 
 noted that an employee ratifies a proposed retirement date as his own once he signs the necessary documents requesting retirement. 06-0346, p. 11, 941 So.2d at 642. Moreover the court in
 
 Christie,
 
 found that upon signing the “necessary forms requesting her separation from the rolls and her request for discontinued service retirement, [the employee] adopted the date contained therein as her own.” 518 F.2d at 588. We also find that Officer Mejia selected and accepted his effective resignation date of September 10, 2005.
 

 We therefore find that the Commission did not manifestly err or was not clearly wrong in determining that Officer Mejia’s resignation from the NOPD was voluntary. This assignment of error is without merit.
 

 DECREE
 

 For the foregoing reasons, the decision of the Civil Service Commission to order the Department of Police to accept Officer Mejia’s voluntary resignation is affirmed.
 

 AFFIRMED.